# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* the WANDA G. VAN ALSTINE
REVOCABLE TRUST.

REX VAN ALSTINE,

          Petitioner-Appellant,

UNPUBLISHED
February 2, 2016

v

PETER A. JORDAN, Trustee of the WANDA G.
VAN ALSTINE REVOCABLE TRUST,

          Respondent-Appellee.

No. 323549
Mecosta Probate Court
LC No. 13-000423-TV

Before: BECKERING, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

Petitioner, Rex Van Alstine, appeals as of right from an order of the probate court granting summary disposition pursuant to MCR 2.116(C)(10) (no question of material fact) in favor of respondent, Peter A. Jordan, trustee of the Wanda G. Van Alstine Revocable Trust. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This appeal involves petitioner's action to invalidate an amendment to a trust established by his mother, Wanda Van Alstine, after she amended the trust to expressly disinherit petitioner. In 2006, Wanda established the Wanda G. Van Alstine Revocable Trust and named all six of her children, including petitioner, as beneficiaries. In November 2010, petitioner was convicted of three felonies, one of which involved a charge of identity theft for stealing Wanda's identity. He was sentenced for these offenses in 2011. In March 2011, Wanda amended the trust and expressly removed petitioner as a beneficiary. Wanda died on or about June 28, 2013.

-1-

On February 5, 2014, petitioner filed a petition to set aside the amended trust, alleging that Wanda lacked testamentary capacity to sign the 2011 amendment.[1] He also alleged that the 2011 amendment was the product of undue influence exerted by his sisters, Donna Highway and Wilma Kutchinski, and/or other unidentified persons." At the time of the amendment, Kutchinski and Highway, along with their sister—and Wanda's other daughter—Tammy Renne, were serving as Wanda's co-guardians and were serving as co-conservators of her estate.

During discovery, respondent served petitioner with interrogatories, requests for admissions, and a request for the production of documents. Petitioner never answered the requests, despite being granted an extension.[2] Among the requests to admit were admissions by petitioner that he had no evidence that Kutchinski and Highway—the two sisters named in the petition as those who exerted undue influence over Wanda—exerted undue influence over Wanda:

> 27. Admit that you have no evidence that Wilma Kutchinski exerted undue influence over Wanda Van Alstine.
>
> * * *
>
> 28. Admit that you have no evidence that Donna Highway exerted undue influence over Wanda Van Alstine.
>
> * * *
>
> 29. Admit that you were convicted of identity theft involving the identity of Wanda Van Alstine.

Respondent moved for summary disposition and attached affidavits from Kutchinski and Highway stating that it was Wanda's decision—and Wanda's decision alone—to disinherit petitioner because of instances when he stole from Wanda. Respondent also attached to the motion affidavits from individuals who were present at the execution of the amended trust; the affidavits echoed the notion that the amendment was the product of Wanda's desires. Respondent argued that these affidavits demonstrated that no undue influence occurred. In addition, respondent moved the trial court to have the requests for admissions deemed admitted based on petitioner's failure to respond.

---

[1] Petitioner later expressly admitted he had no evidence in support of this claim and, as a result, the trial court dismissed any claim based on lack of testamentary capacity. Petitioner does not raise any issues on appeal about this claim.

[2] According to respondent counsel's representations at an August 19, 2014 summary disposition hearing, the extension was a three-week extension. Petitioner's counsel stated he believed the extension was "open-ended." Regardless of the length of the extension, it is undisputed that petitioner never responded to the discovery request.

Petitioner opposed the motion for summary disposition, but did not present any documentary evidence. Instead, petitioner simply asserted that a presumption of undue influence[3] arose in this case, given: (1) the fiduciary relationship between the three sisters—Kutchinski, Highway, and Renne—and Wanda; (2) the benefit the sisters received by disinheriting petitioner; and (3) the sisters' alleged opportunity to influence Wanda. On August 19, 2014, the day of the hearing on respondent's motion for summary disposition, petitioner filed another response brief. The response brief purported to quote passages of what petitioner alleged was deposition testimony from Kutchinski, Highway, and Renne, but petitioner did not attach copies of the deposition transcripts to his brief.[4]

At the August 19, 2014 summary disposition hearing, the trial court ruled that respondent's requests for admissions, to which petitioner never replied, were deemed admitted. Noting in part that petitioner's only documentary evidence in opposition to respondent's motion for summary disposition was untimely filed, the trial court also granted respondent's motion for summary disposition and dismissed petitioner's challenge to the trust. This appeal followed.

## II. ANALYSIS

We review de novo a trial court's grant of summary disposition under MCR 2.116(C)(10). *Dillard v Schlussel*, 308 Mich App 429, 444; 865 NW2d 648 (2014).

---

[3] To establish undue influence,

> . . . it must be shown that the grantor was subjected to threats, misrepresentation, undue flattery, fraud, or physical or moral coercion sufficient to overpower volition, destroy free agency, and impel the grantor to act against the grantor's inclination and free will. Motive, opportunity, or even ability to control, in the absence of affirmative evidence that it was exercised, is not sufficient.

> A presumption of undue influence arises upon the introduction of evidence that would establish (1) the existence of a confidential or fiduciary relationship between the grantor and a fiduciary, (2) the fiduciary, or an interest represented by the fiduciary, benefits from a transaction, and (3) the fiduciary had an opportunity to influence the grantor's decision in that transaction. [*In re Gerald L. Pollack Trust*, 309 Mich App 125, 149; 867 NW2d 884 (2015) (citation and quotation omitted).]

[4] Although not filed with petitioner's brief in response to the motion for summary disposition, it appears that petitioner submitted a deposition transcript to the court at the summary disposition hearing. In this regard, we note that Renne's deposition transcript is included in the lower court file. Thus, it appears that Renne's deposition transcript was the transcript that petitioner submitted at the hearing.

At the outset, we note that respondent urges this Court to strike petitioner's brief because it fails to comply with the Court Rules. As respondent points out, petitioner's statement of facts contains no citation to the record, contrary to MCR 7.212(C)(6). Furthermore, although petitioner's argument cites what purports to be deposition transcripts, we note that not all of these alleged transcripts are part of the record, and are thus not part of this appeal. See MCR 7.210(A) ("Appeals to the Court of Appeals are heard on the original record."). See also *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal.").[5] Although we decline to do so in this instance, we could, based on these shortcomings, strike the nonconforming brief. See MCR 7.212(I).

More importantly, we note that petitioner's brief is lacking in two key areas, both of which give us reason to decline to grant petitioner the relief he seeks. First, petitioner raises the idea that he is entitled to a presumption of undue influence, but he cites little caselaw in this complex area of the law and does little to explain the effect that this alleged presumption should have in the context of a motion for summary disposition. We will not search for authority to support petitioner's position. *Hughes v Almena Twp*, 284 Mich App 50, 71-72; 771 NW2d 453 (2009). Likewise, we will not piece together the factual record to make petitioner's case for him. Second, petitioner's brief makes no effort to address that portion of the trial court's ruling which deemed admitted respondent's requests to admit. In particular, petitioner fails to address the admissions which effectively stated that he had *no evidence* that Kutchinski or Highway—the only individuals named in the petition—exerted undue influence over Wanda. Because petitioner never responded to the requests to admit, MCR 2.312(B)(1) provides that these matters were deemed admitted. Once deemed admitted, MCR 2.312(D) states that a matter is "conclusively established unless the court on motion permits withdrawal or amendment of an admission." Such an admission amounts to a "formal concession" on the matter admitted. See *Radtke v Miller, Canfield, Paddock & Stone*, 453 Mich 413, 420-421; 551 NW2d 698 (1996). Here, petitioner never sought to withdraw or amend the admissions. On appeal, petitioner fails to recognize the admissions; likewise, he makes no effort to argue how these admissions affect this appeal, nor does he even respond to this portion of the trial court's ruling. His failure to do so is enough for this Court to decline to review this appeal. See *Hughes*, 284 Mich App at 71-72 (discussing abandonment). See also *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (refusing to review the plaintiffs' claim where the plaintiff failed to address the basis of the trial court's ruling).

Furthermore, we find that, on the record before us, summary disposition was appropriate under MR 2.116(C)(10). "Under MCR 2.116(C)(10), the moving party must specifically identify the issues for which no factual dispute exists and must support this claim with evidence such as affidavits, depositions, admissions, or other documents." *Auto Owners Ins Co v Seils*, 310 Mich App 132, 154; 871 NW2d 530 (2015), citing MCR 2.116(G)(4). "If the moving party meets its initial burden, the opposing party then has the burden of showing with evidentiary materials the

---

[5] And, we note that petitioner has not moved this Court, in accordance with MCR 7.216(A)(4), to expand the record on appeal.

substance of which would be admissible that a genuine issue of disputed material fact exists." *Id.*, citing MR 2.116(G)(4) and (6). The nonmoving party may not rest on mere allegations. *Id.*

Here, respondent moved for summary disposition, alleging that no undue influence occurred. In support of the motion, respondent attached documentary evidence, including affidavits. This was sufficient to satisfy respondent's initial burden of specifically identifying the issues for which no factual dispute existed and providing the requisite documentary evidence in support. See MCR 2.116(G)(4); *Auto Owners Ins Co*, 310 Mich App at 154. Respondent's efforts shifted the burden to petitioner. Petitioner responded to the motion for summary disposition, but failed to provide *any* evidentiary materials to show that a genuine issue of material fact existed. See *Auto Owners Ins Co*, 310 Mich App at 154. Instead, petitioner relied on unsupported, conclusory allegations that a presumption of undue influence should arise under the circumstances. This was not enough. See *id.* See also MCR 2.116(G)(4). In reaching this conclusion, we note that petitioner's response to the motion for summary disposition, as does his brief on appeal, purported to cite deposition transcripts that were not in the record. This is not in conformance with the Court Rules, which required petitioner to submit evidentiary materials, not the mere promise or allegation of evidentiary materials. See *Auto Owners Ins Co*, 310 Mich App at 154. We also note that petitioner attempted, on the day of the summary disposition hearing, to provide the trial court with Renne's deposition transcript. However, petitioner's submission of this transcript was untimely because the deposition and response were not filed and served "at least 7 days before the hearing" on the motion for summary disposition. MCR 2.116(G)(1)(a)(*ii*).[6] Petitioner's brief not only fails to recognize that the deposition was untimely, but it also fails to articulate an argument why this untimely deposition should even be considered. Therefore, even if we were to overlook petitioner's cursory briefing and failure to recognize the effect of respondent's requests for admissions in this case, we would still find that summary disposition was appropriate, given the record before this Court.

Affirmed.

/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly

---

[6] Moreover, we disagree with petitioner's contention that Renne's deposition was sufficient to overcome respondent's well-supported motion for summary disposition. The opportunities to influence and "misinformation" given by Renne, as alleged by petitioner, are not borne out in her deposition testimony. Rather, the testimony shows that Wanda approached Renne and discussed changing the trust and disinheriting petitioner, and that Wanda informed Renne, Highway, and Kutchinski that she (Wanda) wanted to change the trust. Thus, even considering this untimely deposition, summary disposition was appropriate. See *Brown v Garcia*, __ Mich App __; __ NW2d __ (2015) (Docket Nos. 322401; 322402), slip op at 8-10.